UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA, *ex rel.* Pete )
Paris, DDS, *et al.*, )
    *Plaintiffs*, )
                                                         )    1:11-cv-01029-JMS-DKL
    *vs*. )
                                                         )
TRUSTEES OF INDIANA UNIVERSITY and its )
SCHOOL OF DENTISTRY, )
    *Defendant*. )

**ORDER**

Presently before the Court in this action is the Defendant's Motion to Dismiss. [Dkt. 30.]

**BACKGROUND**

According to the Complaint, while Relator Pete Paris, DDS, was working as a visiting faculty member at the Indiana University School of Dentistry ("IUSD"), he discovered that IUSD was submitting claims to Indiana Medicaid and Hoosier Healthwise for dental hygienist services that were falsely represented to have been performed under the supervision of a licensed dentist. [*See* dkt. 1 ¶¶83-86.] After he complained about practice to various IUSD officials, he claims that IUSD retaliated against him by declining to renew his one-year contract. [*Id*. ¶¶ 110-11.]

Dr. Paris has filed this action on behalf of the United States under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*. in Counts I and II. He has filed this action on behalf of the State of Indiana under the False Claims and Whistleblower Act ("FCWA"), Ind. Code § 5-11-5.5-1 *et seq*. in Counts IV and V. Neither the United States nor the State of Indiana have elected to intervene in this action, leaving those claims to be asserted, if at all, by Dr. Paris.

Dr. Paris has also filed this action on his own behalf for alleged whistleblower retaliation under the FCA and the FCWA, in Counts III and VI.

**DISCUSSION**

In reviewing the Complaint, the Court accepts as true its non-conclusory allegations and draws all reasonable inferences therefrom in Dr. Paris' favor, as the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). For those Counts of the Complaint that contain properly pleaded allegations that "fail[] to state a claim upon which relief can be granted," the Court must dismiss them. Fed. R. Civ. Pro. 12(b)(6).

**A. Federal Claims**

IUSD seeks to dismiss all the Counts in the Complaint. As to Counts I and II, the FCA *qui tam* claims, IUSD argues that Supreme Court authority conclusively forecloses them, and they should be dismissed with prejudice. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 787-88 (2000) ("[T]he False Claims Act does not subject a State (or state agency) to liability in [*qui tam*] actions"). Now that the United States has declined to intervene to prosecute this action itself, Dr. Paris agrees. [Dkt. 32 at 2.] The Court will, therefore, dismiss Counts I and II.[1]

As for the remaining federal claim, for retaliation under the FCA in Count III, the parties disagree over its fate. The anti-retaliation provision of the FCA protects employees (among others) against "discriminat[ion] … in the terms and conditions of employment because of lawful acts done by the employee … in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter." 31 U.S.C. § 3730(h). Citing several decisions from district courts, IUSD argues that Congress never intended to strip states of their Eleventh

---

[1] As the Supreme Court did in *Vermont Agency of Natural Resources*, the Court has proceeded to the merits on the FCA claims, assuming without deciding that the Eleventh Amendment does not already forbid the claim. *See id.* at 779-80 ("The ultimate issue in the statutory inquiry is whether States can be sued under this statute; and the ultimate issue in the Eleventh Amendment inquiry is whether unconsenting States can be sued under this statute…. We therefore begin (and will end) with the statutory question.").

Amendment immunity by including the anti-retaliation provision of the FCA (a question not presented in *Vermont Agency of Natural Resources*).  *See, e.g.*, *Bell v. Dean*, 2010 U.S. Dist. LEXIS 43618, *12-13 (M.D. Ala. May 4, 2010) (collecting cases).  While Dr. Paris does cite authority holding that the anti-retaliation provision protects relators who assert claims in good faith, he has been unable to find any case, within this Circuit or otherwise, suggesting that anti-retaliation claims can proceed despite the strictures of the Eleventh Amendment.  [*See* dkt. 32.] [2]

Inasmuch as the Supreme Court has expressed "serious doubt" that Congress could have abrogated state sovereign immunity under the FCA even if it had wanted to do so for claims by individuals, *Vt. Agency of Natural Res.*, 529 U.S. at 787 (citation omitted), and insasmuch as the Seventh Circuit has not addressed the issue, the Court will follow the multiple other courts that have refused to find that individuals can make anti-retaliation actions against state entities.  Accordingly, Count III will be dismissed with prejudice, too.

**B.  State Claims**

Having resolved all federal claims in this action, the Court must now turn to Dr. Paris' state claims under the FCWA.  Generally speaking where, as here, the Court has resolved all federal claims before trial, it should relinquish supplemental jurisdiction over any state-law claims, so that the parties can re-litigate them in state court.  *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) ("Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." (quotation omitted)).  Various exceptions to that presump-

---

[2] To the extent that Dr. Paris implies that the State of Indiana has consented to *qui tam* actions, [*see* dkt. 32 at 3], the Court finds that argument waived for lack of cogent development.  Dr. Paris has not cited any statute or case to support it.

tion exist, including "when it is absolutely clear how the [state-law] claims can be decided." *Id.* (quotation omitted).

As for the *qui tam* claims under Indiana's FCWA in Counts IV and V, IUSD argues that Dr. Paris cannot maintain an action. Because State of Indiana (or one of its agencies) is not specifically included in the statute's definition of a "person," *see* Ind. Code § 5-11-5.5-1(5), IUSD argues that no FCWA claim can lie, *see id.* § 5-11-5.5-2(a) (prohibiting a "person .. [from] knowingly or intentionally" committing specified types of fraud against the state); *id.* § 5-11-5.5-4 (authorizing *qui tam* action on behalf of the state). Dr. Paris concedes the point in response. [*See* dkt. 32 at 2 ("Relator agrees that Counts I, II, IV, and V should be dismissed.").] The Court will, therefore, dismiss Counts IV and V with prejudice.

As for the claim for whistleblower retaliation under Ind. Code § 5-11-5.5-8(a), the Court finds that IUSD has not overcome the presumption against continuing to exercise jurisdiction over that claim.[3] Neither party has cited the Court any Indiana case law specifically addressing Dr. Paris' argument that good-faith whistleblowers should be entitled to protection, even if the complaints do not ultimately state a claim under the FCWA; therefore, the Court cannot be "absolutely clear" how the Indiana state courts will resolve the issue. Furthermore, the Court notes that relinquishing jurisdiction over a disputed state-law claim comports with the expectation of the Eleventh Amendment that state-law claims against a state will be heard in state court, if at all.

---

[3] Although the parties' response and reply papers also reference Ind. Code § 4-15-10-4, Dr. Paris has not purported to file a claim under that statute. [*See* dkt. 1 ¶¶ 108-12.]

## CONCLUSION

IUSD's Motion to Dismiss, [dkt. 30], is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted insofar as Counts I-V are dismissed with prejudice. Count VI is dismissed without prejudice to re-filing in state court.[4]

06/22/2012

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Harold R. Bickham
BARNES & THORNBURG LLP
hbickham@btlaw.com

Lawrence J. Carcare II
INDIANA ATTORNEY GENERAL
Lawrence.Carcare@atg.in.gov

Jennifer Lynn Schuster
BARNES & THORNBURG LLP
jschuster@btlaw.com

Kathleen M. Sweeney
SCHEMBS SWEENEY LAW
ksween@gmail.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

---

[4] The Court has not addressed IUSD's suggestion in a footnote of its reply that the Complaint violated Fed. R. Civ. Pro. 11. [*See* dkt. 33 at 1.] The Court will not *sua sponte* consider Rule 11 sanctions here.